An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA26-234

Filed 5 August 2026

Guilford County, Nos. 23JA000320-400, 23JA000321-400, 23JA000322-400

IN THE MATTER OF:

A.O., D.O., E.O.

Appeal by Respondent-Father from orders entered 26 August 2025 and 13 November 2025 by Judge Brian K. Tomlin in Guilford County District Court. Heard in the Court of Appeals 14 July 2026.

> *Parent Defender Annick Lenoir-Peek, by Assistant Parent Defender Benjamin J. Kull, for Respondent-Appellant Father.*
>
> *Mercedes O. Chut for Petitioner-Appellee Guilford County Department of Health and Human Services.*
>
> *NC GAL Appellate Counsel Matthew D. Wunsche for Appellee Guardian ad Litem.*

PER CURIAM.

Father appeals from orders adjudicating one of his children abused, neglected, and dependent; adjudicating two of his children neglected and dependent; and ceasing reunification efforts to all three of his children. Father's counsel filed a no-merit brief under Rule 3.1(e) of the North Carolina Rules of Appellate Procedure.

A no-merit brief filed under Rule 3.1(e) must "identify any issues in the record on appeal that arguably support the appeal and must state why those issues lack merit or would not alter the ultimate result." N.C. R. App. P. 3.1(e). Here, counsel fully complied with the requirements of Rule 3.1(e) and identified six issues for our independent review: (1) whether the trial court erred in admitting residual hearsay evidence, (2) whether the trial court erred in adjudicating D.O. as an abused and neglected juvenile, (3) whether the trial court erred in adjudicating A.O. and E.O. as neglected juveniles, (4) whether the trial court erred in adjudicating all three children as dependent juveniles, (5) whether the trial court erred in eliminating reunification efforts, and (6) whether the trial court had subject matter jurisdiction over the matter.

This Court has conducted an independent review of the issues raised in the no-merit brief. *See In re L.E.M.*, 372 N.C. 396, 402 (2019). We are satisfied that the trial court's adjudicatory findings of fact are supported by "clear and convincing" evidence and support the conclusions of law that one of his children was abused, neglected, and dependent, and two of his children were neglected and dependent. *In re A.L.T.*, 241 N.C. App. 443, 446 (2015). Additionally, because Father does not challenge any of the dispositional findings, they are binding on appeal. *See In re K.H.*, 281 N.C. App. 259, 270 (2022). Those findings amply support the conclusion that elimination of reunification efforts between Father and his children was in the best interests of the children, and we thus determine that the trial court did not abuse its

discretion when it ceased reunification efforts.  *Id.*  Accordingly, we affirm the trial court's orders.

AFFIRMED.

Panel consisting of Judges COLLINS, CARPENTER, and FLOOD.

Report per Rule 30(e).